UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

FILED
JAN 1 4 2002
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| ROGELIO DE LA GARZA, VICTOR CASTRO, and JOE CANTU, § § § Plaintiffs, § § v. § § NORTH PARK LINCOLN-MERCURY, INC., § Defendant. § | CAUSE NO. SA-01-CA-1016-OG |

## O R D E R

Before the Court is plaintiffs' motion for payment of costs associated with service of summons. Rule 4(d)(2) provides that if a defendant fails to comply with a request for waiver of service, "the court *shall* impose the costs subsequently incurred in effecting service on the defendant *unless good cause for the failure be shown.*" FED. R. CIV. P. 4(d)(2) (emphasis added). Defendant responds that its registered agent and president, Clarence Kahlig, was frequently out of town on personal matters, and that defendant's attorney spoke with plaintiffs' attorney advising him of this and suggesting service by certified mail.

The purposes of Rule 4(d) "are to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." FED. R. CIV. P. 4, Advisory Committee Notes, 1993 Amendments, Subdivision (d). The costs to be imposed on the defendant are those "that could have been avoided if the defendant has cooperated reasonably in the manner prescribed." Id. A showing of good cause sufficient to shift the cost of service, however, "should be rare." Id. Neither example given in the advisory committee notes of sufficient cause — failure to receive the request or insufficient English literacy — is present in this case.

1

Plaintiffs complied with all provisions of Rule 4(d)(2). Mr. Kahlig had 30 days to comply with the waiver request, and plaintiffs provided him a form to sign to accomplish the waiver and a stamped and addressed envelope in which to return the form. It is difficult to believe that despite the necessity of frequent out-of-town trips, the president and registered agent for a large automobile dealership would neglect his mail for a full month, especially a certified letter notifying him of a lawsuit.

The defendant had the "duty to avoid unnecessary costs of serving the summons." Rule 4(d)(2). Defendant has failed to show good cause for its failure to comply with the requirements of that rule. Plaintiffs' motion is GRANTED and defendant is ORDERED to tender the sum of $654.00 to plaintiffs' attorney within 2 weeks of the date of this order.

SIGNED and ENTERED this __14__ day of __January__, 2002.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE